PEOPLE v BLAIR

Docket No. 29055. Submitted February 8, 1978, at Lansing.—Decided
April 18, 1978.

Robert J. Blair was convicted of statutory rape in Washtenaw
County Circuit Court, Edward D. Deake, J. Defendant appeals,
contending among other things that the prosecutor committed
prejudicial error by asking various defense witnesses if they
believed in God. *Held:*

Such questioning, absent any corrective action by the trial
judge, constitutes reversible error.

Reversed and remanded.

WITNESSES—CRIMINAL LAW—PROSECUTOR'S QUESTIONS—BELIEF IN GOD
—APPEAL AND ERROR.

Questioning of witnesses by a prosecutor regarding whether the
witnesses or the defendant were "religious" or "God-fearing"
constitutes reversible error where no action is taken by the
trial judge to correct the improper questions.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William F. Delhey,*
Prosecuting Attorney, *John J. Hensel,* Senior As-
sistant Prosecuting Attorney, and *Elizabeth Os-
good Pollard,* Assistant Prosecuting Attorney, for
the people.

*George W. Parker,* for defendant on appeal.

Before: N. J. KAUFMAN, P. J., and D. E. HOL-
BROOK, JR. and D. F. WALSH, JJ.

PER CURIAM. Defendant was tried by jury and

REFERENCES FOR POINTS IN HEADNOTE
81 Am Jur 2d, Witnesses §§ 87, 533.
Propriety and prejudicial effect of impeaching witness by reference
to religious belief or lack of it. 76 ALR3d 539.

convicted of statutory rape. MCLA 750.520; MSA 28.788. Thereafter sentenced to a prison term of not less than 10 nor more than 20 years, defendant appeals as of right.

While defendant raises numerous issues on appeal one is dispositive and mandates reversal.

During the course of the trial the prosecutor asked: (1) defendant's wife if she was a "God fearing woman"; (2) defendant's sister if the defendant was a "religious man"; and (3) defendant's mother if defendant was a "God fearing man".

Questions such as the above are of the nature condemned and held to be reversible error in *People v Hall,* 391 Mich 175; 215 NW2d 166 (1974), and *People v Bouchee,* 400 Mich 253; 253 NW2d 626 (1977). Nor can defendant's conviction be saved by *People v Burton,* 401 Mich 415, 418; 258 NW2d 58 (1977), where swift action on the part of the trial judge cured any error. Unlike *Burton, supra,* nothing was done by the trial judge, in the instant case, to correct the obviously improper questions by the prosecutor.

Resolution of the foregoing issue being dispositive, discussion of defendant's remaining allegations of error is rendered unnecessary.

Reversed and remanded for a new trial.